New York Canning Crops Co-operative Association, Inc., Plaintiff, v. W. P. Slocum and Others, Defendants.

Supreme Court, Monroe County, October 28, 1925.

Corporations — membership corporation — co-operative association — action to recover pro rata share of assessment levied under general marketing agreement, authorized by Membership Corporations Law, § 208, under which defendants assumed liability for cost of maintenance of plaintiff association — defendants, though non-members of plaintiff general association, are liable under agreement for obligations incurred in operation of said general association — term " costs " means expenses and obligations incurred in maintenance of plaintiff — ultra vires no defense.

Defendants, non-members of plaintiff general association, are liable for the *pro rata* assessment levied under a general marketing agreement, authorized by section 208 of the Membership Corporations Law, under which agreement the defendants, all members of a local association for which plaintiff acted as agent, assumed all obligations and liabilities in connection with the maintenance of the general association, and are liable for the " costs " which shall be prorated upon " association members."

The term " costs " as used in said agreement means expenses and obligations incurred in the maintenance of plaintiff association. " Association members " means members of the local association.

Defendants may not set up the plea of *ultra vires* as a defense, since they have accepted the benefits of the agreement and the rights of creditors have intervened.

Action for declaratory judgment.

*Sutherland & Dwyer,* for the plaintiff.

*Hampton H. Halsey,* for the defendants.

Rodenbeck, J. The defendant Slocum and the North Chili Co-operative Association, Inc., are non-members of the plaintiff and are,

therefore, not liable as the members of plaintiff are to meet the indebtedness incurred in operation by the officers, but they are liable under their contract under which the obligations were incurred (General Marketing Agreement, clauses 5, 21). The statute authorizes such contracts and a charge for " the actual cost thereof, inc'uding the *pro rata* part of all overhead expenses." (Membership Corporations Law, § 208, as added by Laws of 1918, chap. 655.) The terms " cost " and " overhead " here mean the expenses and obligations incurred in connection with the operation of the plaintiff. The contract establishes the liability and provides that the " costs " shall be prorated upon " association members," which means the members of the local association for which the plaintiff has been acting. The contract provides that the producer and the association " assume all obligations and liabilities and undertakings thereunder." The liability exists and if it cannot be enforced by assessment, it may still be collected. The defendant Slocum and the North Chili Co-operative Association are non-members but the members of the latter are liable *pro rata* in the first instance. The by-laws of both associations make the statute obligatory upon members (Art. II, subds. k, m), and the defendant Slocum has accepted the by-laws of plaintiff as well as those of the North Chili Co-operative Association. So far as both the defendants Slocum and the North Chili Co-operative Association are concerned the statute and contract fixes a liability reinforced in the case of defendant Slocum and others similarly situated by acceptance of the by-laws of both associations which incorporated the provisions of the statute (Art. II, subds. k, m). This acceptance of the by-laws binds defendant Slocum of course to the terms of the statute only as its terms make it applicable to a non-member such as he is. A non-member is practically a person or association not a member with whom the plaintiff is authorized to do business. (Membership Corporations Law, § 208.) The plaintiff under the agreement was acting not only for the defendant Slocum and the North Chili Co-operative Association, Inc., but for various other local associations, all of whom assumed the expenses and obligations by reason of the agreement " and other similar agreements." There is a liability, therefore, on the members of plaintiff and on the defendant Slocum and other " association members " similarly situated for their *pro rata* share of the indebtedness of plaintiff within the terms of the Standard Marketing Agreement and this liability as to the defendants mentioned is not affected by the plea of *ultra vires*, defendants having accepted the benefits of the Standard Marketing Agreement and the rights of creditors intervening. (*Bath Gas Light Co.* v. *Claffy*, 151 N. Y. 24, 30; *Whitney Arms Co.* v. *Barlow*, 63 id. 62.)